# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

April 8, 2020

**BY ECF**

Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. James Woodson*,
18 Cr. 845 (PKC)

Dear Judge Castel,

> The Court fully and fairly heard the parties in writing and orally. There is nothing in Mr. Woodson's new application which the Court overlooked. The Court also declines to vacate the denial of the motion and grant bail to Mr. Woodson who is presently serving a term of imprisonment for a crime he committed and from which no appeal has been taken. Application DENIED.
> SO ORDERED.
> /s/ PKC
> 4-8-20

James Woodson submits this letter to respectfully request that the Court reconsider its April 6, 2020 order ("Order") denying his motion pursuant to 18 U.S.C. § 3582(c)(1)(A) without prejudice. In particular, and in light of the Court's finding that it does not have authority to decide Mr. Woodson's compassionate release application now, Mr. Woodson asks the Court to modify its order to (i) set a timeframe for the Bureau of Prisons to respond to Mr. Woodson's application, and (ii) rather than denying the motion now, stay the 18 U.S.C. § 3582(c)(1)(A) motion pending the BOP's response and order Mr. Woodson released on bail while the motion is pending.

### A. This Court has the authority to reconsider its order.

Under Local Rule 49.1(d), a party may seek reconsideration of an order "within fourteen (14) days after the Court's determination of the original motion." Any request for reconsideration should specify "matters or controlling decisions which counsel believes the Court has overlooked." *Id.*

Mr. Woodson respectfully requests reconsideration in light of facts which were not previously before the Court regarding the time that BOP is taking to determine compassionate release motions and legal authority regarding the Court's ability to hold a motion in abeyance while a defendant pursues exhaustion, rather than denying the motion without prejudice to renewal.

**B. To better effectuate the intent of the Order, the Court should set a timeframe for the BOP to respond to Mr. Woodson's motion and stay the motion pending that decision.**

In its Order, the Court urged the BOP to act on Mr. Woodson's request in a timely fashion and to make a decision before simply allowing the 30-day period to run. *See* Order at 1, 8. Unfortunately, there is reason to believe the BOP will not follow the Court's admonition. In other cases in this circuit where judges have ordered the BOP to provide a timeframe for their evaluation of a compassionate release motion, the BOP has flatly refused. *See United States v. Nkanga Nkanga*, No. 18 Cr. 713 (JMF), ECF Dkt. 112-1 (S.D.N.Y. Apr. 6, 2020) (Affidavit of Caryn Flowers, BOP Associate Warden, outlining administrative process to review compassionate release applications and stating that due to the "volume of incoming requests, the BOP cannot set forth a firm date by which the BOP will reach a decision on Petitioner's pending application," but noting he may "present his claims to his sentencing court" after 30 days); *United States v. Robert Russo*, 16 Cr. 441 (LJL), ECF Dkt. No. 53 (S.D.N.Y. Apr. 2, 2020) (stating "the Bureau of Prisons is unable to give a specific time frame" as to when it will resolve compassionate release request).

For the Court's information, in 2018 the BOP reported that its average time to adjudicate a compassionate release request was more than 100 days. *See* January 16, 2018 Letter from Assistant Attorney General Stephen E. Boyd (relating that, on average, the BOP takes around 141 days to process an approval and 196 days to process a denial), *available at* https://www.themarshallproject.org/documents/4369114-1-2018-BOP-response. As a result, there is a substantial concern that BOP will not take any meaningful action on this request within 30 days.

With respect to Mr. Woodson's application specifically, counsel has now sent three inquiries to the MCC regarding this application and requesting any information as to the status of this application. *See Exhibit A* (emails to BOP dated March 27, 2020, April 1, 2020, and April 6, 2020). I have received no response. Similarly, counsel has asked Assistant United States Attorney Louis Pellegrino to inquire about a timeframe as to when Mr. Woodson's motion will be decided by the BOP and received no substantive response. By correspondence dated April 3, 2020, Mr. Pellegrino stated that he would provide an update "if" he heard from the BOP; he has provided no further information. *See Exhibit B*. Nor to defendant's knowledge has the government made any effort to facilitate consideration of Mr. Woodson's application.

In light of these issues, several other judges in this district have set a deadline for the BOP to opine on a defendant's compassionate release application. *See United States v. Erick Canales*, No. 16 Cr. 212 (LAK), ECF Dkt. 1476 (S.D.N.Y. Apr. 7, 2020) (requiring the government to file a letter as soon as the BOP resolves the request and further stating that the "Court expects BOP to be able to finally resolve that request on or before April 15, 2020"); *United States v. Trevon Gross*, No. 15 Cr. 769 (AJN), ECF Dkt. 758 (S.D.N.Y. Apr. 6, 2020) (ordering same and stating that the court

expects BOP to resolve the request by April 9, 2020). We respectfully request that the Court issue a similar order here.

### C. The Court should grant Mr. Woodson bail pending the disposition of his compassionate release motion.

Next, we further request that the Court modify its prior order: rather than denying the motion without prejudice, we request that the Court stay the motion until a specified date or the BOP's determination of the request, whichever is earlier, and grant Mr. Woodson bail while this motion is pending.

Several courts have recognized their ability to stay a § 3582(c) motion while awaiting BOP action. *See, e.g., Canales*, No. 16 Cr. 212 (LAK); *Gross*, No. 15 Cr. 769 (AJN); *United States v. Spears*, No. 98 Cr. 0208 (SI), 2019 WL 5190877, at *3 (D. Or. Oct. 15, 2019) (granting government request to stay motion for compassionate release until BOP had 30 days to consider motion and then granting motion).

While this motion is pending before the Court, the Court should also find that it has the authority to release Mr. Woodson on bail and it should order such release. Section 3582(c)(1)(A) does not explicitly address bail while a motion for a sentence reduction is pending. However, in the analogous contexts of motions challenging criminal sentences or detention pursuant to 28 U.S.C. §§ 2255 and 2241, and challenging immigration detention, the Second Circuit has repeatedly recognized a district court's inherent authority to grant bail, even without express statutory authorization. Applying the law and standards developed in those precedents, we ask the Court to grant bail while a § 3582(c)(1)(A) motion is pending.

Federal courts have the inherent power to grant bail in any case where they may properly assert jurisdiction.[1] *Mapp v. Reno*, 241 F.3d 221, 224-26 (2d Cir. 2001) ("Today we reaffirm these cases and hold, once again, that the federal courts have inherent authority to admit to bail individuals properly within their jurisdiction."); *see also, e.g., Argro v. United States*, 505 F.2d 1374, 1377 (2d Cir. 1974) (recognizing court's inherent power to grant bail pending parole determination, although there was no explicit constitutional or statutory right to bail); *Johnston v. Marsh*, 227 F.2d 528, 530-31 (3d Cir. 1955) (finding that basis for court's authority to set bail stems from fact that prisoner is within its jurisdiction and a statute empowers the court to hear the prisoner's substantive application, meaning that the court can grant bail, just as it can regulate the manner of any trial or hearing before it; collecting authorities regarding court's inherent authority to set bail, even without statutory authorization); *Boyer v. City of Orlando*, 402 F.2d 966, 968 (5th Cir. 1968) (ordering habeas petitioner immediately released on bail while he exhausted his state

---

[1] As the government previously conceded, there is no dispute that this Court has "jurisdiction" over Mr. Woodson's § 3582(c)(1)(A) motion. In addition, Mr. Woodson is currently detained at the MCC, in the Southern District of New York.

remedies, since such release was necessary to make any remedy effective after exhaustion); *S.N.C. v. Sessions*, No. 18 Civ. 7680 (LGS), 2018 WL 6175902, at *6 (S.D.N.Y. Nov. 26, 2018) (affirming that courts' inherent authority to grant bail does not depend upon express statutory grant and releasing immigration petitioner on bail); *United States v. Valesquez*, -- F. Supp. 3d --, No. 20 Civ. 583 (KAM), 2020 WL 565407, at *8 (E.D.N.Y. Feb. 4, 2020) (finding that court has inherent power to grant bail pending parole determination); *Acosta v. United States*, No. 03 Cr. 11 (MAT), 2019 WL 4140943, at *9 (W.D.N.Y. Sep. 2, 2019) (releasing defendant on bail pending resentencing on § 2255 motion).

In *Mapp v. Reno*, the Second Circuit expanded upon its precedents granting bail in the context of criminal habeas motions to permit bail during the pendency of immigration-related petitions. *See* 241 F.3d at 227; *see also Elkimya v. Dep't of Homeland Sec.*, 484 F.3d 151, 153-54 (2d Cir. 2007) (Sotomayor, J.) (holding that courts' inherent power to grant bail extends outside the habeas context, to when the court reviews BIA orders on petitions for removal). The circuit has also recognized courts' power to grant bail pending extradition, even though there is no statute authorizing bail and release must be limited to "special circumstances." *See United States v. Leitner*, 784 F.2d 159, 160 (2d Cir. 1986); *In re Extradition of Garcia*, 615 F. Supp. 2d 162, 166-69 (S.D.N.Y. 2009); *Duran v. United States*, 36 F. Supp. 2d 622, 628 (S.D.N.Y. 1999). The Second Circuit has recognized this inherent authority to grant bail in other contexts as well. *See Close-Up Int'l, Inc. v. Berov*, 411 F. App'x 349, 355 (2d Cir. 2010) (summary order) (finding district court could set bail pending appeal of a civil contempt order, although it was not a criminal appeal and there was no statute regarding bail standard). Thus, in the Second Circuit, it is well established that a district court has the inherent power to grant bail to anyone within the court's jurisdiction, even if there is no express statutory provision allowing for bail.

While acknowledging this power, the Second Circuit has cautioned that the power should be exercised in a limited fashion, "in special cases only." *Mapp*, 241 F.3d at 226. Specifically, the circuit has stated that bail should be granted only where a defendant's motion raises substantial claims and bail is necessary to make the remedy sought effective. *See id.*; *see also Vacchio v. Ashcroft*, 404 F.3d 663, 673 (2d Cir. 2005) (summarizing circuit's basis for granting bail to immigration petitioner, who made a strong showing on the merits of his petition and whose circumstances "were sufficiently extraordinary to make bail necessary"); *Kiadii v. Decker*, No. 18 Civ. 1584 (AT), -- F. Supp. 3d --, 2018 WL 10456549, at *1 (S.D.N.Y. Mar. 2, 2018) (explaining that bail should be granted where petitioner has set forth "substantial claims," demonstrated a likelihood of success on the merits, and extraordinary circumstances make release on bail necessary to make any remedy effective).

A number of courts in this district have recently found that a defendant's particular medical conditions coupled with the ongoing COVID-19 pandemic create the sort of "extraordinary" circumstances that justify bail pending further proceedings in the case. For example, Judge Furman recently applied this standard

to grant bail to a defendant with a pending 28 U.S.C. § 2255 motion alleging the ineffective assistance of counsel. *See United States v. Nkanga Nkanga*, 18 Cr. 713 (JMF), ECF Dkt. 120 (S.D.N.Y. Apr. 7, 2020). There, the government consented to bail because of a variety of factors, including the defendant's individual health situation and the heightened risk he faced in detention as a result of the COVID-19 pandemic. *See id.* (listing important factors as the defendant's age, his multiple health issues, the nature of his offense, his relatively recent sentencing, and the defendant's apparent lack of dangerousness or risk of flight).

Similarly, several judges in this district have recently granted bail to immigration detainees pending the disposition of their cases, given detention facilities' inability to adequately protect the health of at-risk detainees during the COVID-19 pandemic. *See, e.g., Avendano Hernandez v. Decker*, No. 20 Civ. 1589 (JPO), 2020 WL 1547459, at *2-3 (S.D.N.Y. Mar. 31, 2020) (finding petitioner had demonstrated extraordinary circumstances because of his continued risk of exposure to COVID-19 and the need to grant release to help him avoid infection); *Coronel v. Decker*, No. 20 Civ. 2472 (AJN), 2020 WL 1487274, at *9 (S.D.N.Y. Mar. 27, 2020) (same); *Jovel v. Decker*, No. 20 Civ. 308 (GBD), 2020 WL 1467397, at *1 (S.D.N.Y. Mar. 26, 2020) (finding *Mapp* standard applied and ordering bail release).

Following these cases, this Court should stay Mr. Woodson's § 3582(c)(1)(A) motion until the BOP has made its determination on his compassionate release application and order Mr. Woodson released on bail while the motion is pending. As in the criminal habeas and immigration contexts, we agree that the Court's power to grant bail during the pendency of motions such as this is limited and should be used sparingly. But the Court does have this power and the unique circumstances here present precisely the situation where bail should be granted: "Severe health issues" are "the prototypical ... case of extraordinary circumstances that justify release pending adjudication of habeas." *Coronel*, 2020 WL 1487274 at *9. As described in Mr. Woodson's prior submissions, he has several documented health problems that put him at greater risk if he is infected by COVID-19. There is an active outbreak of this virus at the MCC, in Mr. Woodson's unit, and he faces severe risks to his health if he continues to be detained there. Thus far, there is no indication that the MCC has taken any action on his compassionate release application and there is no factual basis to believe the BOP will resolve this application within 30 days. The MCC is also not taking necessary, basic steps to protect individuals like Mr. Woodson, who have been exposed to this virus on their unit. Mr. Woodson faces a severe risk to his health from these current conditions and the longer that he waits for relief, the less likely this relief will be effective in protecting him from the virus and guarding against his serious illness. For these reasons, the Court should order him released on bail pending a final outcome on his 18 U.S.C. § 3582(c)(1)(A) motion.

Thank you for consideration of this application.

Respectfully submitted,

/s/ Sarah Baumgartel
Sarah Baumgartel, Esq.
Assistant Federal Defender
Tel.: (212) 417-8772
Sarah_Baumgartel@fd.org

cc: AUSA Louis Pellegrino (by ECF)